IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

VICTOR T. WARD,

    Plaintiff,

       v.

                 CIVIL NO.: WDQ-11-1004

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Victor T. Ward, *pro se*, sued the Commissioner of the Social Security Administration (the "Commissioner") for race and sex discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1]  On January 12, 2012, the Court granted the Commissioner's motion to dismiss or for summary judgment.  ECF No. 18.  For the following reasons, the Court will grant Ward's motion to reconsider but deny his motion to alter judgment.

I. Background[2]

Ward is an African American man who works as a claims authorizer in the Office of Disability Operations of the Social Security Administration (the "SSA").  ECF No. 1, Ex. 1 at 1-2.

---

[1] 42 U.S.C. §§ 2000e *et seq.*

[2] A more complete summary of the facts may be found in the Court's January 12, 2012 memorandum opinion.  *See* ECF No. 17.

Ward's second level supervisor, Janet Johnson, and his first level supervisor, April Adams, are African American women.  ECF No. 1, Ex. 1 at 15.

On September 21, 2009, Johnson gave cash performance awards to employees in Ward's office.  ECF No. 1, Ex. 1 at 16.  Of 40 employees, 24 received awards: 16 African American females, five white males, two white females, and one African American male. ECF No. 10, Ex. 6, 11.  Ward did not receive an award.  ECF No. 10, Ex. 8 at 2-3.

On September 28, 2009, Ward emailed Adams and Johnson to complain about not receiving an award.  ECF No. 10, Ex. 12.  He argued that white male and African American female coworkers who received awards did not perform all the work that he did, and that he was "the only claims authorizer trained and performing in all aspects of the claims authorizer position" in his office. *Id.*

On October 28, 2009, Ward sought Equal Employment Opportunity ("EEO") counseling, alleging that he had not received an award because he was an African American man.  ECF No. 10, Ex. 3 at 1, 3.  Counseling did not resolve his complaint.  *Id.* at 4.  On November 4, 2009, Ward received a notice of his right to file a formal complaint with the SSA's Associate Commissioner for Civil Rights and Equal Opportunity within 15 calendar days.  *Id.* at 9.

2

On December 23, 2009, Ward signed a formal complaint, which the SSA received on January 7, 2010.  ECF No. 10, Ex. 1 at 5. On January 25, 2010, the Associate Commissioner for Civil Rights and Equal Opportunity told Ward that the agency had received, and would investigate, his complaint.  ECF No. 10, Ex. 2.

The SSA investigated Ward's complaint from February 24 to May 14, 2010.  ECF No. 10, Ex. 21 at 3.  On June 28, 2010, the SSA sent Ward the investigation summary and a notice of his rights, which stated that Ward had 30 days to request a formal hearing before an administrative judge of the Equal Employment Opportunity Commission ("EEOC"), or a final SSA decision without a hearing.  ECF No. 10, Ex. 20 at 1-2.  If Ward did nothing, the SSA would issue a final decision based only on the investigation file.  *Id.* at 2.  Ward never responded.

On January 13, 2011, the SSA issued its final decision, finding that his managers had "articulated legitimate, nondiscriminatory reasons for its action" (not giving Ward an award because of his history of doing "only the bare minimum"). ECF No. 10, Ex. 22 at 1.  A notice accompanied the decision, informing Ward that he had 90 days to file a federal lawsuit. *Id.* at 6.  On January 14, 2011, Ward received the agency's decision by email.[3]

---

[3] ECF No. 10, Ex. 23.  The email was sent at 9:51 a.m. and was read at 11:34 a.m.  *Id.*

On April 15, 2011, Ward filed this suit, alleging race and sex discrimination, and retaliation, in violation of Title VII. On July 28, 2011, the Commissioner moved to dismiss or for summary judgment. ECF No. 10.  On July 29, 2011, the Clerk of the Court told Ward that he should "respond to and explain the facts or matters stated in the motion."  ECF No. 11 at 1.   The Clerk also provided a copy of Fed. R. Civ. P. 56, which states that if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may "consider the fact undisputed" or "grant summary judgment."  *Id.* at 2.  On August 9, 2011, Ward responded to the Commissioner's motion with one sentence: "Plaintiff moves for hearing before trial."  ECF No. 13.  On August 29, 2011, the Commissioner filed his reply.  ECF No. 15.  On November 7, 2011, Ward moved to amend his complaint to bring a class action.  ECF No. 16.

On January 12, 2012, the case was closed after the Court granted the Commissioner summary judgment because Ward's formal complaint to the SSA and his lawsuit were untimely.  ECF No. 17 at 10-11; ECF No. 18.  The Court also denied Ward's motion to amend his complaint because amendment would be futile.  ECF No. 17 at 12-13; ECF No. 18.

On January 26 and 27, 2012, Ward moved to reconsider and alter the judgment.  ECF No. 20.  On February 10, 2012, the

4

Commissioner opposed the motion.  ECF No. 22.[4]

II. Analysis

   A. Standard of Review

    A party may move to alter or amend a judgment under Fed. R. Civ. P. 59(e), or for relief from a judgment under Fed. R. Civ. P. 60(b).[5]  A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.[6]  Because Ward filed his motions for reconsideration within 15 days, Rule 59(e) will govern.[7]

    Under Rule 59(e), the Court may grant a motion to alter or amend the judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice.  *Gagliano v. Reliance Standard Life Ins.*

---

[4] Ward did not file a reply, and the time to reply has passed. *See* Local Rule 105.2 (reply must be filed within 14 days after service of the opposition).

[5] A "judgment" is "a decree and any order from which an appeal lies," which includes final judgments and appealable interlocutory orders. *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) (*quoting* Fed. R. Civ. P. 54(a)).

[6] *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

[7] The Court will treat the two motions as one.  Although Ward based his motions on Fed. R. Civ. P. 52, *see* ECF No. 20 at 1, Rule 52 governs findings of fact by the Court following a non-jury trial.  Thus, it does not apply here.

*Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008).  Rule 59(e) may not be used to reargue points that could have been made before judgment was entered.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

A party's disagreement with the Court's decision is not a basis for granting a Rule 59(e) motion.  *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  Indeed, "[w]here a motion does not raise new arguments, but merely urges the [C]ourt to 'change its mind,' relief is not authorized."[8]

B. Ward's Motion

Ward argues that the Court erred in finding his formal complaint and lawsuit untimely because (1) the timing of the SSA's notice of his right to file a formal complaint was "not appropriate," and (2) Fed. R. Civ. P. 6(d) gave him an additional three days -- beyond the typical 90 days -- to file his lawsuit after receiving the email notice of his right to sue.  ECF No. 20 at 2; ECF No. 21 at 2.  He also contends that the Court erred in denying his motion to amend the complaint because his claim meets the requirements for class certification.  ECF No. 20 at 3; ECF No. 21 at 3.

---

[8] *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002); *see also Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002).

1. Timeliness of Ward's Complaint and Lawsuit

Title VII creates a right of action for federal employees alleging unlawful employment discrimination. 42 U.S.C. § 2000e-16(c). A federal employee must exhaust his administrative remedies before exercising that right to sue. *Laber v. Harvey*, 438 F.3d 404, 415-16 (4th Cir. 2006). Employees must contact an EEO counselor to initiate an informal complaint within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1). If informal counseling is unsuccessful, the employee must file a formal complaint with the agency within 15 days of receiving notice to do so. 29 C.F.R. § 1614.106(a) & (b). Once the employee has received the agency's final decision, he has 90 days to file a lawsuit in a federal district court. 29 C.F.R. § 1614.407.

A plaintiff's exhaustion of administrative remedies "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."[9]  "The Court applies equitable exceptions sparingly because the certainty and repose the provisions confer will be lost if their application is up for grabs in every case." *Moret v. Geren*, 494 F. Supp. 2d 329, 337 (D. Md. 2007).

---

[9] *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *accord Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 969 (4th Cir. 1985).

a. Ward's Formal EEO Complaint

The Court granted summary judgment in part because Ward had not timely filed his formal EEO complaint. *See* ECF No. 17 at 10. On November 4, 2009, Ward received notice that he had 15 days to file a formal complaint. ECF No. 10, Ex. 3 at 9. On December 23, 2009 -- 49 days later -- he signed a formal complaint. ECF No. 10, Ex. 1 at 5. The SSA did not receive the complaint until January 7, 2010 -- 64 days after Ward received notice. ECF No. 10, Ex. 1 at 5.

Without elaboration, Ward now argues that "a right to sue letter[10] was not appropriate" on November 4, 2009, and "to include one in the record is error on the part of the record keeper." ECF No. 20 at 2; ECF No. 21 at 2. But this bare assertion is insufficient to show that the Court made a "clear error of law" or committed "manifest injustice" in granting summary judgment. *See Gagliano*, 547 A.3d at 241 n.8. Moreover, Ward has presented no evidence that he is entitled to equitable exceptions to the 15-day filing deadline. Accordingly, the Court will not alter the judgment on this basis.

b. Ward's Lawsuit

The Court also found that Ward's lawsuit was untimely. *See* ECF No. 17 at 10. On January 14, 2011, Ward received the SSA's

---

[10] Ward apparently is referring to the "Notice of Right to File a Formal Complaint of Discrimination," which was attached to the EEO counseling report. *See* ECF No 10,. Ex. 3 at 9.

final agency decision.  ECF No. 10, Ex. 23.  On April 15, 2011 -
- 91 days later -- he filed this lawsuit.  Ward now argues that
Rule 6(d) provided him 93 days to file the lawsuit.

Rule 6(d) provides that, when a party "must act within a
specified time after service" and service is made by sending the
paper "by electronic means," three days "are added after the
period would otherwise expire."  Fed. R. Civ. P. 6(d).  When the
parties dispute when the plaintiff received a right to sue
letter, some courts have relied on Rule 6 for a presumption that
the plaintiff received notice three days after service.[11]  But
"Title VII claimants may only claim this presumption if the date
of receipt of the right to sue letter is disputed." *Dixon v.
Digital Equip. Corp.*, 976 F.2d 725 (table), 1992 WL 245867, at
*1 (4th Cir. 1992).

Here, Ward did not dispute the date he received the email.
The Commissioner attached to his motion to dismiss or for
summary judgment a copy of the email containing the agency's
final decision and right-to-sue notice.  *See* ECF No. 10, Ex. 23.
The email was sent at 9:51 a.m. January 14, 2011, and was read
at 11:34 a.m. the same day. *Id.*  Ward presented no evidence to
the contrary, even after the Clerk warned that failing to do so

---

[11] *See, e.g.*, *Russell v. Am. Tobacco Co.*, 528 F.2d 357, 365 (4th
Cir. 1975); *Hanson-Hodge v. Massanari*, Case No. L-01-1772, 2002
U.S. Dist. LEXIS 27168, at *7 (D. Md. July 23, 2002).

could result in summary judgment against him.[12]   *See* ECF No. 11.
Accordingly, he is not entitled to the presumption that he
received the notice three days after the SSA emailed it.[13]   The
Court will not vacate the judgment granting the Commissioner's
motion to dismiss or for summary judgment.

2. Futility of Amending the Complaint

The Court denied Ward's motion to amend his complaint to
bring a class action because the amendment would be futile.   *See*
ECF No. 17 at 11-13.   Without elaboration, Ward argues that he
has met the requirements for a class action.   *See* ECF No. 20 at
3; ECF No. 21 at 3.

Fed. R. Civ. P. 15(a) allows a party to amend his pleading
if the opposing party gives written consent, or the Court
permits the amendment.   The proposed amendment will not be
permitted if it is clearly futile.   *Equal Rights Ctr. v. Niles
Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).   A motion to
amend a complaint to bring a class action is futile if it would
not cure the deficiencies in the plaintiff's case that entitled

---

[12] Although Ward requested a hearing, he was not entitled to one.
*See* Local Rule 105.6 ("Unless otherwise ordered by the Court . .
. all motions shall be decided on the memoranda without a
hearing.").

[13] *See Dixon*, 1992 WL 245867, at *1 (plaintiff "was not entitled
to claim the [Rule 6] presumption" because the "date of receipt
was not in dispute").

the defendant to summary judgment. *See Shealy v. Winston*, 929 F.2d 1009, 1013-14 (4th Cir. 1991).

A class action "allows a representative party to prosecute his own claims and the claims of those who present similar issues." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006). "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members."[14] Moreover, "[a] litigant must be a member of the class which he . . . seeks to represent at the time the class action is certified." *Sosna v. Iowa*, 419 U.S. 403 (1975).

To bring a class action under Title VII, a named plaintiff must first comply with the procedural requirements of Title VII.[15] Because Ward has failed to comply with those

---

[14] *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (internal citation and quotation marks omitted).

[15] *See Williams v. Henderson*, 129 F. App'x 806, 812 (4th Cir. 2005) (*citing Chisolm v. United States Postal Serv.*, 665 F.2d 482, 490 n.11 (4th Cir. 1981) (plaintiffs who file timely individual EEOC complaints can subsequently file class action lawsuits on behalf of similarly situated plaintiffs)). *Accord Carter v. West Pub. Co.*, 225 F.3d 1258, 1263 (11th Cir. 2000) ("A plaintiff who seeks to represent a class in a private Title VII suit must have standing to raise the class'[s] claims and must satisfy the procedural requirements of Title VII."); *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1245-46 (7th Cir. 1983) (Title VII plaintiff who failed to file administrative charge could not be class representative); *Inda v. United Airlines, Inc.*, 565 F.2d 554, 559 (9th Cir. 1977) ("if one brings suit on his own behalf, or as named plaintiff on behalf of a class, he

11

requirements, amending his complaint to bring a class action would be futile. *See Chisolm*, 665 F.2d at 490. Accordingly, the Court will not vacate the judgment denying Ward's motion to amend his complaint.

III. Conclusion

For the reasons stated above, the Court will grant Ward's motion to reconsider but deny his motion to alter judgment

3/13/12
_____
Date

_____
William D. Quarles, Jr.
United States District Judge

_____

must have secured a right to sue by timely following the procedures set forth in Title VII").